OPINION of the Court, by
Judge Boyle.
Parish brought an action of debt upon a joint obligation against Robert Clark, William Smith and Edmund Calloway, After declaration, plea and demurrer thereto were filed, an entry was made upon the rules suggesting the death of Clark, and abating the suit as to him. Issue being then joined upon the demurrer, the suit was afterwards abated by the death of the plaintiff; and at a subsequent term the following order was made : “ By consent of the parties by their attornies it is ordered, that this suit stand revived in the names of John C. Graves and Timothy Parish, executors of the said John Parish.} deceased, against William Smith *548 and James Clark, executors of Robert Clark, deceased, and William Smith and Edmund Calloway, aad that the plea and demurrer filed herein be withdrawn, and the proceedings to commence from the filing of said plea. At the succeeding rules judgment was taken by default in the office against the defendants, and at the next term final judgment was given by the court, that the plaintiffs recover against the said defendants, the sum oi£. 73 13i. the debt in the declaration mentioned, with interest, kc. and also their costs by them about their suit in this behalf expended, and the said defen.-dants in mercy,” &c.
A joint a£l!on again ft furvu ving obligor, & the reprefen - tative of a de. ceafed obligor, cannot be main, gained.
The furvivor, and the repre. fentative of the deceafed, on joint obligation anay be charged in feparate actions, pending at fame time, (by ftatute.)
Judgment vsi executors de ia nh propriisy is erroneous.
By the errors assigned, three objections are taken to the proceedings and judgment in this case. 1st. That the suit could not be revived by the consent of the at-tornies, in the names of Parish’s executors, against Clark’s executors.
2d. That the suit was not maintainable in the name of Parish’s executors, against Clark’s executors, together with the other defendants.
3d. That the judgment against Clark’s executors, is de bonis propriis and hot de boms testatoris.
Whether the first objection ought to be sustained, depends upon the construction which shall be given to the order of revival. It is very clear that by the death of Parian and Clark, the power of their attornies expired, and that it would have been aa unwarrantable assumption of power m them to attempt by their consent to revive the suit. But it is equally clear that their executors might by their attornies appear and revive the suit by consent, without the process of scire facias. The language of the order to revive, is however ambiguous. It does not clearly and explicitly appear, whether it was by the consent of the attornies for Parish and Clark, or that of the attornies for their executors, that the suit was revived. In this respect the order is defective. It ought to have been more explicit. But as it admits of a construction favorable to the correctness of the procedure, we are inclined to give it such a construction.
The second objection is deemed fatal. The statute, (a) “ concerning partitions, joint rights and obligations,” has made the representatives of one jointly bound with others in a contract dying in the lifetime of the latter, *549 chargeable in the same manner as such representatives might have been charged if the obligors had been bound severally as well as jointly. The question then is, whether at common law, a joint action could be main-, tained upon a joint and several obligation against the survivors and the representatives of the deceased obli-. gor ? It is very clear that such an action could not be maintained : considered as a joint obligation, the charge survived to the surviving obligors ; considered as a several obligation, the obligors themselves could not be joined in an action, and a fortiori the surviving obli-gors and the representatives of the deceased obligor, could not be joined. In the case ol Morrison vs. Winn, and Winn, administratrix of Winn, decided at the spring term 1808, (a) this court determined that upon a promise made to two jointly, though the right of property did not survive, the remedy did, and that a joint action could not be maintained in the names of the survivor, and the representatives of the deceased. Upon principle, the objection is conceived to be much stronger against maintaining an action jointly against the surviving obligor, and the representative of the deceased obligor. The whole pleadings, and the judgment of the court, as they respect the representatives of the deceased, differ from the pleadings and judgment as they regard the survivors. In an action of debt, for instance, the declaration against the executor or administrator of the deceased, must .be in the detinet only, but against the surviving obligor, it must be in the debet and detinel. So the issue in case of an executor or administrator is non detinet, or that the obligation declared on is not the deed of the testator or intestate ; but in the case of the surviving obligor, the issue is nil debet, or that the obligation declared on is not his deed. So the verdict, pursuing the issue, finds in the former case, that the executor or administrator doth detain the debt in the declaration mentioned, or that the obligation declared on is the deed of the testator or intestate ; but in the latter the verdict is, that the defendant doth owe the debt in the declaration mentioned, or that the obligation declared on is his deed. And the judgment of the court being a regular conclusion from the whole, is in the case of the executor or administrator for the debt to be made of the goods in *550 his hands of the testator or intestate ; but in the case. l^e surviving obligor, the judgment is against him, generally, and may be made by execution against his person or estate.
To permit parties to be joined in the same action,, with respect to whom the proceedings are so essentially different, would destroy all simplicity in pleading and introduce a confusion that would tend to defeat the ends, of justice.
We do not wish to be understood as deciding that the representatives of the deceased obligor are discharged from liability; on the contrary, we think they are unquestionably liable, but that they must be charged in a separate action, which may however be brought against them at any time, even during the pendency of the suit against the surviving obligors.
The third objection is too obvious to require remark. The judgment against the executors, if they could have been joined in the suit, ought to have beenrfe bonis tes-tatus, and not de bonis propriis^
Wherefore it is considered by the court that the judgment of the circuit court be reversed, that the order of revival, as to the executors of Clark, be annulled and set aside, and that the cause be remanded to the said circuit court for new proceedings to be had against the other defendants, to commence after the order of revival. And it is further considered by the court, that the plaintiff in this writ of error recover his costs in thin behalf expended.

 1 Litt. E. L, K, 510.

 Har. 480. Brown vs. King, &c. ante 465.